Carson S. KEE, Appellant,

v.

UNITED STATES of America, Appellee.

Willie J. JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 21853, 21877.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1969.

Decided April 1, 1969.

Petition for Rehearing Denied Aug. 13, 1969.

Mr. Samuel C. Klein, Washington, D. C. (appointed by this court), for appellants.

Mr. Harvey S. Price, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

■ We have considered the contention of insufficiency of the evidence, and we conclude the evidence was sufficient, though not by a wide margin, to support a conviction of unauthorized use of an automobile (22 D.C.Code § 2204).

■ We are more concerned with the sufficiency of the evidence to support the convictions for robbing the complainant of two dollars in violation of 22 D.C.Code § 2901, and for transporting a stolen vehicle across state lines in violation of 18 U.S.C. § 2312 (1964). Obviously more proof is necessary for the Dyer Act charge, dependent on an intent that requires a stealing, than for an unauthorized use charge.

■ The Government contends the point is moot because the trial judge sentenced the appellants pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(b) (1964), which necessarily means concurrent sentences. *Compare* Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943). The question is not necessarily appropriate for a flat rule.

There may well be a significant difference between a record of three felonies (including robbery) and a record of one felony, in regard to what appellants will receive in terms of treatment and supervision, and also early conditional release under 18 U.S.C. § 5017 (1964).

We think the interest of justice which controls appellate disposition, see 28 U.S.C. § 2106 (1964), has particular vitality when the future of youth offenders is at stake. Accordingly, we enter judgment of affirmance of the sentence as a judgment entered following a conviction of unauthorized use,[1] but limited to that conviction.

So ordered.

1. Since the point was not contested and may become academic in the light of future release, we do not consider the question arising from the fact that there is a possibility of a 6-year period prior to appellants' unconditional discharge, *see* 18 U.S.C. § 5017(c), although the maximum penalty for unauthorized use is 5 years. *Compare* In re Lee's Petition, 232 F.Supp. 415 (E.D.N.Y.1964).